IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MERCATOR HEALTH ADVISORS,** *et al.*                                                               **PLAINTIFFS**

v.                                                                                                    NO. 3:13-cv-28-CWR-FKB

**NORTHWEST HEALTH SYSTEM,** *et al.*                                                         **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Mercator Health Advisors' ("Mercator") motion for partial summary judgment. Docket No. 17. The motion has been fully briefed and a hearing was held on March 24, 2014, to consider the parties' arguments in more detail. At the hearing, both parties were asked to submit supplemental authorities to further their arguments and the parties complied. After a thorough review of these matters, Mercator's motion for partial summary judgment will be granted.

This case involves a consultative contract between the parties, whereby Defendant Northwest Health System ("Northwest") received services from Mercator for one year beginning on February 1, 2009. The relevant provisions of Mercator's contract included: 1) $10,000 per month consultation payment; $100,000 bonus cap based on financial improvement (bonus was to be calculated "quarterly based on 10% of any financial improvement against the $800,000 loss in 2008, with comparative 2008 financials so provided"); and a contract for 12 months, which renewed automatically for a second year if not cancelled on or before October 31, 2009. Docket No. 1-3.

At the end of the first year, on February 5, 2010, Mercator's President, Mitchell Monsour, met with Northwest's assistant chief executive officer, Paul Storey, and eventually

1

agreed that Mercator was owed $91,950 under their contract's bonus provision. On February 18, 2010, in an effort to allow Northwest to satisfy its obligation under the bonus provision, Storey proposed that Northwest pay $40,000 upfront and pay $52,500 in five monthly installments of $10,500—increasing the total Northwest owed under the bonus provision from $91,950 to $92,500. After making the $40,000 payment to Mercator, Northwest failed to make the remaining five payments of $10,500 under its agreement. On January 10, 2013, Mercator brought this suit to recoup the remaining $52,500.[1]

## Standard of Review

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once the moving party has initially shown that there is an absence of evidence to support the non-moving party's cause, the non-movant must come forward with specific facts showing a genuine factual issue for trial." *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F. 3d 754, 759 (5th Cir. 2002) (citations and quotation marks omitted).

The Court must "view the evidence and draw reasonable inferences in the light most favorable to the non-movant." *Maddox v. Townsend and Sons, Inc.*, 639 F. 3d 214, 216 (5th Cir. 2011) (citation omitted). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *TIG Ins. Co.*, 276 F. 3d at 759 (citing *SEC v. Recile*, 10 F. 3d 1093, 1097 (5th Cir. 1993)).

---

[1] In its Complaint, Mercator also asserts that the original consultation contract was never canceled and, therefore, under the contract's provisions, it was automatically renewed. Accordingly, Mercator sued for money not paid under the second year of the contract, including a financial bonus for the second year which Mercator has left out of its motion for partial summary judgment. During the hearing, the Court, finding that there was a genuine dispute of material fact, ruled that summary judgment will be denied as to Mercator's claim that the contract was never canceled. Thus, the sole issue to be decided here is whether Mercator is owed $52,500 under the alleged financial bonus payment plan agreement.

Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F. 3d 898, 902 (5th Cir. 2011); *Smith v. Goodyear Tire & Rubber Co.*, 495 F. 3d 224, 228 (5th Cir. 2007). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F. 3d 340, 342 (5th Cir. 1999).

## Discussion of the Law

According to Mercator, the new payment plan agreed to by Monsour and Storey created a new contract under the doctrine of ratification. *See* Mercator's Supp. Auth., at 2 (citing *Wamsley v. Champlin Refining and Chemicals, Inc.*, 11 F.3d 534 (5th Cir. 1993) ("Ratification operates to allow a party having the power to avoid his contractual duty to make, or be deemed to have made, a new promise to perform his previously voidable duty and thus, extinguish his power of avoidance." )).

Northwest responds by arguing that Storey miscalculated what was actually owed under the bonus provision. Northwest's Supp. Auth. at 1. Northwest states that Mercator was only owed a bonus of $28,828; thus, Mercator actually owes Northwest payment to reflect the correct amount.[2] *Id*. Northwest also states that the new payment plan agreement does not actually constitute an enforceable contract because, under Mississippi law, "an agreement to pay additional compensation for something a party was already obligated to do lack[s] consideration." *Id*. (citing *Kelso v. McGowan*, 604 So.2d 726, 731 (Miss. 1992)). Northwest contends that because there was never any new consideration for this agreement, the agreement is void and thus unable to be ratified. *Id*. at 2 (citing *Wamsley* at 539 ("Promises that are void cannot be ratified.")).

---

[2] The record shows that in its response to Mercator's Amended Complaint, Northwest counterclaims by stating Mercator owes Northwest money back from its initial $40,000 payment. *See* Docket No. 7. Mercator has asked for partial summary judgment on this counterclaim.

Mercator does not rebut Northwest's contention that the $90,000 bonus figure was based on faulty calculations, however, Mercator maintains that the payment plan agreed upon by both parties supersedes the original contract and waives any defense Northwest has to the original debt. *Id*. at 2 (citing *O.W.W. Investments, Inc. v. Stone Investment Co.*, 32 So. 3d 439 (Miss. 2010)).

The Court finds that the record supports a ruling in favor of Mercator. Defendant's assertion that the new payment plan agreement lacks consideration is incorrect. As previously stated, on February 5, 2010, Storey and Monsour agreed that Mercator was owed $91,950 under their contract's bonus provision. Not only had Monsour and Storey agreed to the amount, but after their meeting, Storey took that number to his company's Chief Financial Officer[3] (CFO) "and walked through the calculations with him." Depo. of Paul Storey, Docket No. 46-1, at 9. Although Northwest had only placed $40,000 in reserves for the bonus, its CFO agreed and instructed Storey to "pay the 40,000, and ask Mercator if they would accept the remainder over time, I think in $10,000 a month payments." *Id*. *See also* Declaration of Paul Storey, Docket No. 44-2, at ¶ 8 (wherein he provides similar account of Monsour and him agreeing to the $90,000 figure that he took to the CFO, who then directed Storey to see if Monsour would agree to accept payment over time). The fact that Northwest's new CFO, Steve Flader, came on board and questioned the bonus amount or believed that it was calculated improperly does not affect the agreement reached between Mercator and Northwest.

Under the facts given, the new payment plan agreement formed a valid contract with all the requisite elements present: "(1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5)

---

[3] In May 2010, Steve Flader became Northwest's new CFO. According to Flader, he initially noticed that the $90,000 bonus figure Storey and Monsour originally calculated was incorrect.

4

mutual assent, and (6) no legal prohibition precluding contract formation." *Rotenberry v. Hooker*, 864 So. 2d 266, 270 (Miss. 2003) (citing *Lanier v. State,* 635 So.2d 813, 826 (Miss.1994)).

In creating the payment plan, there was definite consideration in that Mercator not only received more compensation, but it also gave up its right to be paid the full amount immediately by affording Northwest the benefit of paying its debt over time. *See Lowndes Co-op. Ass'n (AAL) v. Lipsey*, 240 Miss. 71, 76, 126 So. 2d 276, 278 (1961) ("A benefit to the promisor or detriment to the promisee is sufficient consideration for a contract. This may consist either in some interest, right, profit or benefit accruing to the one party, or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other.") (citations omitted).

Northwest now contends that the bonus number was incorrect, but instead of repudiating that number when first taken to Northwest's CFO, it agreed to the bonus number and offered to pay that number if—or at least with the hope that—Monsour would agree to be paid over time. Monsour accepted that offer. In other words, Northwest specifically ratified the number. *See Austin Dev. Co., Inc. v. Bank of Meridian*, 569 So.2d 1209, 1212-13 (Miss. 1990) (holding that plaintiff waived any potential claims against lender when he executed renewal notes and paid interest on those notes); *Knox v. BancorpSouth Bank*, 37 So.3d 1257 (Miss. App. 2010) ("[P]arty who has full knowledge of all defenses and executes a new note payable at a future date waives all defenses and becomes obligated to pay the new note."). Furthermore, although Northwest claims that the bonus amount owed under the payment plan was too high because it was not calculated properly, Northwest has not provided the Court a theory of relief which entitles it to breach the contract it agreed to and force Mercator to pay them money back. Thus, Plaintiff's motion for summary judgment on its breach of contract claim against Northwest for money owed

under the payment plan contract in the amount of $52,500 is hereby GRANTED. In addition, Plaintiff's motion for partial summary judgment as to Northwest's counterclaim is also GRANTED.

**SO ORDERED**, this the 31st day of March, 2014.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
