IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MERCATOR HEALTH ADVISORS,** *et al.*                                   **PLAINTIFFS**

**v.**                                                                          **NO. 3:13-cv-28-CWR-FKB**

**NORTHWEST HEALTH SYSTEM,** *et al.*                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is Northwest Health System's ("Northwest") motion for judgment as a matter of law, or in the alterative, new trial. Docket No. 72. Mercator Health Advisors ("Mercator") has responded, Docket No. 74, to which Northwest submitted a rebuttal, Docket No. 80. Having considered the parties' motions, responses, and applicable law, the Court concludes that Northwest's motion must be denied.

Federal Rule of Civil Procedure 50(a) allows the Court to grant a motion for judgment as a matter of law if it finds that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [nonmovant] on that issue." The Court will "consider all the evidence presented at trial in the light most favorable to the nonmoving party." *E. Tex. Med. Ctr. Reg'l Healthcare Sys. v. Lexington Ins. Co.*, 575 F.3d 520, 525 (5th Cir. 2009) (citation omitted). It must "disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.*

Northwest challenges the jury's finding that the contract between Northwest and Mercator was not cancelled, which automatically renewed it for one year. Northwest contends that the jury lacked evidentiary basis for this finding because, at trial, Mercator stated that it did not recall having discussions with Northwest to cancel the contract. The Court disagrees. The dispute at trial concerned whether Northwest cancelled, orally or otherwise, the contract in a

timely fashion. The jury heard the testimony, saw the witnesses, and received the evidence. It is not for the Court to weigh the evidence or make credibility determinations. *Dulin v. Bd. of Comm'rs of Greenwood Leflore Hosp.*, 586 F. App'x 643, 647 (5th Cir. 2014). Those are the duties of the jury, and they performed their function.

In the alternative, Northwest argues that the Court should grant a new trial for several reasons. First, Northwest argues that the Court should grant a new trial because it allowed Mercator to verbally withdraw an admission which prejudiced Northwest's defense during trial. Northwest states that in preparation of trial, it relied on Mercator's admission that it did not, prior to litigation, inform Northwest that it considered the contract renewed. Therefore, Northwest claims, it was prejudiced when the Court granted the withdrawal of that admission pursuant to Rule 36(b) of the Federal Rules of Civil Procedure.

"In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case." *In re Carney*, 258 F.3d 415, 419 (5th Cir.2001) (citing *American Automobile Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir.1991)). "Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission." *Id*.

Here, the Court believes the withdrawal promoted the merits of the case and Northwest was not prejudiced. As Mercator points out, the admission withdrawn was inconsistent with the facts known to Northwest at the time of trial. For instance, Paul Storey, Northwest's CEO, testified that Mitchell Monsour, Mercator's President, informed him at different times (after the first year of the contract) that he could claim that he should be paid under the contract because

the agreement was never terminated properly. *See* Docket No. 75, at 6. Moreover, it was immaterial whether Mercator informed Northwest that it considered the contract renewed. The real issue in this case was whether Northwest cancelled the contract. Northwest was given the opportunity to convince the jury that it had cancelled the contract, and the withdrawn admission did not impair its ability to do so. Thus, the Court did not abuse its discretion in allowing Mercator's admission to be withdrawn.

Northwest also argues that a new trial should be granted because the Court failed to grant a mitigation instruction. It further states that because there was no instruction on mitigating damages, the jury's verdict was "compromised," which is why the jury awarded damages lower than the full balance of the contract. Northwest believes that nominal damages should have been awarded because the evidence at trial showed that Mercator replaced the income lost from Northwest's breach with income from other projects.

Under Mississippi law, "[t]he court's purpose in establishing a measure of damages for breach of contract is to put the injured party in the position where she would have been but for the breach." *Angelo Iafrate Const., L.L.C. v. Bond Paving Co.*, No. 1:03CV187LG-RHW, 2006 WL 297169, at *5 (S.D. Miss. Feb. 6, 2006). "[T]o that end[,] the law limits speculation and conjecture and imposes familiar duties of mitigation." *Wall v. Swilley*, 562 So. 2d 1252, 1256 (Miss. 1990). The operative phrase for Mississippi's standard in measuring damages for breach of contract is "to put the injured party in the position where she would have been but for the breach." Mitigation of damages would not help the Court reach this goal. Although Mercator was able to secure other projects, Monsour testified that he could have performed both the contract with Northwest and the contract it had with others (as he had done in the past). Northwest did not

contradict this evidence. Thus, a new trial is not warranted based on the Court's refusal to grant a mitigation instruction.

For these reasons, Defendants' motion for judgment as a matter of law, or in the alterative, new trial, is **DENIED.**

**SO ORDERED**, this the 18th day of March, 2015.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
