IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MERCATOR HEALTH ADVISORS,** *et al.* **PLAINTIFFS**

**v.** **NO. 3:13-cv-28-CWR-FKB**

**NORTHWEST HEALTH SYSTEM,** *et al.* **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the court are Mercator Health Advisors' ("Mercator") post-trial motions for additur or, in the alternative, a new trial on damages, Docket No. 69, and for postjudgment interest, Docket No. 71.[1] Northwest Arkansas Hospitals ("Northwest") has responded, Docket Nos. 76 & 78, to which Plaintiffs submitted a rebuttal, Docket No. 79.

On June 9, 2014, a trial was held on whether Northwest breached its contract with Mercator. The following day, the jury rendered a verdict in favor of Mercator. Based on the evidence presented at trial, a ruling in favor of Mercator entitled it to $120,000 in damages; however, the jury awarded only $60,000 in damages.

The Supreme Court has held that additur is unconstitutional. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 433 (1996). Nonetheless,

> [t]he constitutional rule against additur is not violated in a case where the jury ha[s] properly determined liability and there is no valid dispute as to the amount of damages. In such a case the court is in effect simply granting summary judgment on the question of damages. This principle is firmly recognized across the circuits.

---

[1] Because jurisdiction in this court is based upon diversity of citizenship, "a district court must apply a new trial or remittitur standard according to the state law controlling jury awards for excessiveness or inadequacy." *Gasperini v. Center for Humanities*, 518 U.S. 415. 419, 434 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996). *See also*, *Foradori v. Harris*, 523 F.3d 477, 497-98 (5th Cir. 2008) (relying on the new trial standard in Mississippi law in denying motion for remittitur); *Fair v. Allen*, 699 F.3d 601 (5th Cir. 2012) (Fifth Circuit applied state law to motions for an alteration of the judgment, or for new trial, where the plaintiff argued that its awarded damages were too low).

*Roman v. W. Mfg., Inc.*, 691 F.3d 686, 702 (5th Cir. 2012) (citations and quotation marks omitted).

Mercator seeks to have the jury's verdict modified so that the amount of damages awarded for breach of contract is increased from the jury's award of $60,000 to $120,000, which is the total amount owed under the Plaintiffs' contract with defendants as evidenced at trial. The jury has determined that Northwest breached its contract with Mercator. Nothing in the record supports the award of $60,000.[2] That amount is contrary to the overwhelming weight of the credible evidence; therefore, an additur is justified. *See Davis v. Walter*s, 544 So.3d 272, 277 (Miss.Ct.App. 2010) (under Mississippi law, additur is appropriate when the award is contrary to the overwhelming weight of the credible evidence or when the verdict is influenced by bias, prejudice or passion). Thus, justice requires that the jury's award be modified.

The court also finds that Mercator should be awarded postjudgment interest. Postjudgment interest is designed "to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the *ascertainment of the damage* [or the entry of judgment] and the payment by the defendant." *Krieser v. Hobbs*, 166 F.3d 736, 747 (5th Cir. 1999) (citation omitted) (brackets added); *see also Nissho-Iwai Co. v. Occidental Crude Sales,*

---

[2] The parties agreed that the contract in question provided for automatic renewal if not cancelled by October 31, 2009. *See* Pretrial Order at ¶¶ 7(a) and (b). After the evidence was received, the jury was instructed that "[i]f Northwest did not cancel the contract before October 31, 2009, then your verdict should be for the Plaintiff Mercator Health Advisors unless you find waiver as defined in further instructions." Exhibit C-1, at C-11. Instruction C-13 told the jury that "a contract must be enforced as written and each party to a written contract is bound by the instrument they sign." *Id*.
    With respect to damages, the jury was instructed that if it found that damages were appropriate, it "should award damages in an amount that will put Mercator in as good as position as it would have been had Defendant Northwest Health System not failed to fulfill its part of the contract." *Id*. at C-18. The contract specifically provided $10,000 each month for twelve months or $120,000. *See* Trial Ex. 1. In its Renewed Motion for Judgment as a Matter of Law, or in the alternative, New Trial, Northwest appears to concede that the jury failed to award the proper amount of damages. *See* Docket No. 73 at 2, 3 (recognizing the jury's failure to award the full amount of damages to Mercator as evidenced at trial).

*Inc.*, 848 F.2d 613, 624 (5th Cir. 1988) ("[I]nterest shall be calculated from the date of the entry of judgment." (citation and quotation marks omitted)).

Mercator should therefore be awarded interest beginning June 11, 2014, the date on which judgment was entered following trial. The modification of the June 11 damages award does not alter the court's assessment of postjudgment interest. *See Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 545 (5th Cir. 1983), *overruled in part on different grounds by J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 790 F.2d 1193 (5th Cir. 1986) ("If a judgment . . . is later modified by the district court or an appellate court, whether the award is increased or reduced, interest on the revised award will run from the date of the original judgment unless, of course, the allowance of any amount is reversed.").

Accordingly, Plaintiffs' motion for additur is **GRANTED**, and this court's judgment will be amended to award $120,000 in damages for the Plaintiffs. Plaintiffs' motion for postjudgment interest is also **GRANTED**.

The revised amount of damages reflected in this Order shall bear interest from the date of the original judgment, June 11, 2014, until paid.

A Final Judgment will be issued on this date in accordance with this Memorandum Opinion and Order.

**SO ORDERED**, this the 18th day of March, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE